validity, depends upon the credibility of the testimony given. If the court believed, as it evidently did, the testimony of appellee, and did not believe the testimony of appellant, the decree, so far as the above contention is concerned, was right.

It is next contended that the appellee was not entitled to a decree because, it is insisted, the offense of adultery was by him condoned. On oral argument, it was insisted that the appellee, while testifying as a witness, had admitted living with the appellant as his wife subsequent to the time of her committing the alleged offense, with full knowledge thereof. A careful reading of all the testimony fails to disclose any such testimony as having been given by appellee. The appellant testified to such living together, but her credibility was for the trial court.

After a careful reading of all the testimony in this case, we are impressed that the decree of divorce in this case was fully justified.

Affirmed.

---

## WABASH VALLEY OIL COMPANY *v.* BERRY ET AL.

[No. 12,432. Filed October 13, 1925.]

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act between the Wabash Valley Oil Company and Emma C. Berry and others. From the award, the former appeals. *Affirmed.* By the court in banc.

*Turner, Adams, Merrell & Locke,* for appellant.
*Rabb, Mahoney, Fansler & Douglass,* for appellees.

PER CURIAM.—Judgment affirmed.

---

## BLACK ET AL. *v.* SIMMONS.

[No. 12,252. Filed October 16, 1925.]

From Martin Circuit Court; *James E. Cox,* Judge.

Action between James Black and another and Thomas Simmons. From the judgment rendered, the former appeal. *Affirmed.* By the court in banc.

*McCormick & McCormick,* for appellants.
*Frank E. Gilkison,* for appellee.

PER CURIAM.—Judgment affirmed.